UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SCOTT STEVENS,

    Petitioner,                 Civil Action No.17-CV-12615

v.                             HON. BERNARD A. FRIEDMAN

BONITA HOFFNER,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION TO STAY, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION TO CONSOLIDATE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner is presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. In his application for a writ of habeas corpus, filed *pro se* under 28 U.S.C. § 2241, petitioner challenges his conviction for several counts of first-degree criminal sexual conduct, several counts of second-degree criminal sexual conduct, and being a second habitual offender. Petitioner has also filed a motion to hold the petition in abeyance so that he can complete post-conviction proceedings in the state courts, in which he is attempting to exhaust six of the twenty claims included in his petition.

## I. Background

Petitioner was convicted following a jury trial in the Jackson County Circuit Court. His conviction was affirmed on appeal. *People v. Stevens,* 2016 WL 7333391 (Mich. Ct. App. Dec. 15, 2016); *lv. den.* --- N.W.2d ----2017 WL 3175015 (Mich. July 25, 2017).

Petitioner filed his habeas petition with this Court a few weeks ago. He seeks habeas relief on twenty grounds. By his own admission, his last six claims have yet to be exhausted because they were not raised on his appeal of right and are being raised for the first time in a post-conviction motion for relief from judgment still pending before the Jackson County Circuit Court.

## II. Discussion

The instant petition must be dismissed without prejudice, because the petition contains claims that have yet to be exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). To exhaust a claim for federal habeas review, a petitioner must present it to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n.3 (E.D. Mich. 2002) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before the Court considers the petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004).

Petitioner acknowledges that his last six claims are unexhausted because they were not presented on his appeal of right with the Michigan Court of Appeals or his application for leave to appeal to the Michigan Supreme Court, but are raised for the first time in his post-conviction motion. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir.

2

1970). Moreover, should the trial court deny petitioner's post-conviction motion, he will have to exhaust his remedies in the state appellate courts. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although the Court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), this case presents no exceptional or unusual circumstances that justify staying the case rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on July 25, 2017. Because petitioner did not seek a writ of certiorari with the U.S. Supreme Court, his judgment was set to become final on October 23, 2017. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002); 28 U.S.C. § 2244(d)(1). But his post-conviction motion tolls the limitations period until he completes the state court appeals process. *See Carey v. Saffold*, 536 U.S. 214, 220–21 (2002); *Matthews v. Abramajtys*, 319 F. 3d 780, 787–88 (6th Cir. 2003). Because petitioner has now tolled the period of limitations, he will not be prejudiced if his habeas petition was dismissed without prejudice. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001). Accordingly, the Court will dismiss his petition without prejudice.

The Court will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different

1970). Moreover, should the trial court deny petitioner's post-conviction motion, he will have to exhaust his remedies in the state appellate courts. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although the Court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), this case presents no exceptional or unusual circumstances that justify staying the case rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on July 25, 2017. Because petitioner did not seek a writ of certiorari with the U.S. Supreme Court, his judgment was set to become final on October 23, 2017. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002); 28 U.S.C. § 2244(d)(1). But his post-conviction motion tolls the limitations period until he completes the state court appeals process. *See Carey v. Saffold*, 536 U.S. 214, 220–21 (2002); *Matthews v. Abramajtys*, 319 F. 3d 780, 787–88 (6th Cir. 2003). Because petitioner has now tolled the period of limitations, he will not be prejudiced if his habeas petition was dismissed without prejudice. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001). Accordingly, the Court will dismiss his petition without prejudice.

The Court will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different

manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The Court declines to issue a certificate of appealability, because "jurists of reason" would not debate whether this Court's procedural ruling was correct. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the petitioner's application for a writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion to hold the petition in abeyance is denied.

IT IS FURTHER ORDERED that petitioner's motion to consolidate this action with Civil Action No. 17-CV-11993 is denied as moot.

IT IS FURTHER ORDERED that a certificate of appealability and leave to appeal *in forma pauperis* are denied for the reasons stated above.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 17, 2017
      Detroit, Michigan

4

CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U. S. Mail Addresses disclosed on the Notice of Electronic Filing on August 17, 2017.

                                                  s/Teresa McGovern
                                                  Case Manager Generalist